UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTIAN MARCUS VERDIN,

Plaintiff,

v.

GODWIN UGWEEZE, et al.,

Defendants.

Case No. 1:26-cv-05972-FJS (PC)

ORDER CONSTRUING MOTION TO COMPEL NEGOTIATION OF SETTLEMENT AS A MOTION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR ADR

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ADR

(ECF No. 9)

FOURTEEN (14) DAY DEADLINE

Plaintiff Christian Marcus Verdin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The court has not yet screened the complaint.

I. MOTION FOR TEMPORARY RESTRAINING ORDER

On November 2, 2026, Plaintiff filed a motion to compel negotiation of settlement that the court construes as a motion for temporary restraining order. (ECF No. 9.) In the motion, Plaintiff moves for an emergency temporary restraining order and preliminary injunction compelling

Defendants to cease reprisals including unlawfully applied discipline, deprivation of property, and adverse transfer. (ECF No. 9 at 2.) Plaintiff seeks "prompt injunctive relief." (ECF No. 9 at 2.)

A. Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 101-102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

B. Discussion

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's

complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As noted above, the court has not yet screened the complaint. As such, this action does not yet proceed on any cognizable claims, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the court at this time lacks personal jurisdiction over any named defendants or other individuals who might be involved in depriving Plaintiff of his property or other rights.

To the extent Plaintiff believes he is in danger, he has other avenues of relief available to him, including filing a petition for writ of habeas corpus in state court. *E.g.*, *People v. Brewer*, 235 Cal. App. 4th 122, 138 (2015) (a California trial court may grant habeas corpus petitioner's prospective relief to redress recurring, persistent deprivations of prisoners' rights at correctional facilities). The issue is not that Plaintiff's allegations are not serious or that he is not entitled to relief if sought in the proper forum. The issue is that Plaintiff cannot use this action to obtain the relief he seeks. The seriousness of Plaintiff's allegations concerning feared reprisals and deprivation of property do not overcome what is a jurisdictional bar. *Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.")

## II. MOTION FOR ALTERNATE DISPUTE RESOLUTION

On November 2, 2026, Plaintiff filed a motion to compel negotiation of settlement that the court construes as a request for alternate dispute resolution ("ADR"). (ECF No. 9.) As discussed above, Plaintiff's complaint was filed on July 30, 2026, and has not yet been screened. The court's practice is to refer cases to ADR once the complaint has been screened and Defendants have filed their answer. Accordingly, the court finds Plaintiff's request for ADR premature and denies his request without prejudice. Plaintiff's complaint will be screened in due course.

## III. <u>ORDER AND RECOMMENDATION</u>

Accordingly, it is HEREBY ORDERED as follows:

1. Plaintiff's November 2, 2026, motion to compel negotiation of settlement, (ECF No. 9), is CONSTRUED as a motion for temporary restraining order and request for ADR;
2. Plaintiff's request for ADR, (ECF No. 9), is DENIED without prejudice as premature;
3. The clerk of the court is DIRECTED to randomly assign a district judge to this action; and
4. It is HEREBY RECOMMENDED that Plaintiff's motion for temporary restraining order, (ECF No. 9), be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within <u>fourteen (14) days</u> after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." <u>Objections, if any, shall not exceed fifteen (15) pages or include exhibits</u>. Exhibits may be referenced by document and page number if already in the record before the court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **November 6, 2026**

UNITED STATES MAGISTRATE JUDGE